Good morning, counsel. Good morning. Please proceed when you're ready. May it please the court. Laura Deskin, I'm Assistant Federal Public Defender in the Western District of Oklahoma, here on behalf of Mr. Aiken Wofford. He stands convicted after jury trial of armed bank robbery and, additionally, of brandishing an actual firearm during that armed bank robbery. Resulting in a consecutive sentence. The issue here is solely as to the instruction on the brandishing a firearm count. Importantly here, the firearm can't be a fake. It can be a fake as to armed bank robbery, but not as to the brandishing. That has to be a real one. In this case... Yes, we all agree on that. For sure. And there was no objection to this instruction. The problematic instruction is that everything was correct in the instruction, except that it said witness identification of the weapon as a firearm is sufficient. And that is problematic here. So does a government have to recover a firearm to get a conviction on this count? No, of course it does not. But just because a witness testifies, yes, I saw a firearm, I believe it was a real firearm, no doubt in my mind. Is that enough on its own? It can be, but not necessarily. It's going to depend on how a jury takes that testimony, how they evaluate it, what was the opportunity to observe the firearm, how long. It's completely in the jury's province as to how they evaluate that testimony. So this little line... How has your client been prejudiced, even if we spot the other issues of plain error? Well, first, because the weapon was not recovered, we're not 100% that it was a Glock, given everybody kind of said it looked like a Glock to me. It wasn't described very specifically in that manner. So yes, that first person who testified... Well, we have plenty of case laws saying you don't have to provide the actual gun, right? Correct. Yeah, absolutely. But it's not a given. Witness testimony is enough for the jury to accept if they find it credible, right? If they find it credible. It can be enough. It can be. We have a series of instructions here that aren't limited to the instruction that you challenged. Don't we have to look at the jury instructions as a whole? Indeed, you do. And the jury here was instructed as to presumption of evidence, all the typical... I mean, the presumption of innocence, all the typical instructions that you would get. Nevertheless, I think that... The instruction you challenge includes within it that the government needs to prove each element beyond a reasonable doubt. And in all the cases that you cite for the presumption cases, not one of them included in the instruction that was struck down a requirement that the government prove each element beyond a reasonable doubt. Do you think that matters? I think here, this little line that they had at the end overrides all that. If I'm a juror sitting in the back looking through the instructions, I say, OK, yes, they need to prove that this was a firearm. That in a firearm that it has the capability of firing or is able to and has the little... meets the statutory definition of a firearm, which is provided there. And I read through and then I see witness identification of the weapon as a firearm is sufficient. I say, oh, well, we did have witness identification of a firearm. That's sufficient. Check. I'm done. That gives rise to this argument here that it undermines confidence that, well, we only have two people testifying that they saw a firearm. We have the guy who was very familiar, handled firearms since a kid, but he also testified he didn't focus on the firearm. Everybody was, you know, in the middle of a bank robbery. He wasn't studying the firearm. And I think that's why in other cases where they also didn't recover a weapon, you see not in every case given, but very detailed testimony elicited describing the firearm in detail. It was a .22. It had a slide. It had this, that, X, Y, Z. And some, they have an actual expert, you know, looking at the video and explaining why they believe that was capable of expelling a projectile by means of action of an explosive. But Easley's testimony was better than that. They say the question was, or his answer, I'm very familiar with firearms. I had no question whether it was a legitimate gun or not. And it was to you, yes. Yes. I mean, he said that, no doubt about it. So then it becomes up to the jury to decide. To me, is that enough to determine that it meets this definition of a firearm? But back to prong three. Yes. If it was, is there a reasonable probability of a different result? Well, I would say that there is at least a reasonable probability because they could have looked at that and said, I understand that he thought that there was a firearm and that she thought that there was a firearm. He'd been around them a bunch. But you know what? I didn't hear enough about that firearm. He said, and we have here the statutory definition. Nobody talked about whether this was capable of expelling a projectile or not. Nobody, nobody talked about anything but that they thought it looked like a case where we required that. Where you've, where you've required. Testimony about whether it could expel a projectile by explosion. No, there is no case on point that says that that is necessary. But when you look. So that would be not plain, right? Well, I think that it's, the reason why it's clear and obvious error here despite that is the principle of a jury is not to be misled. And the reason why this jury was misled here is through that very specificity. It really required just the changing of one word, but that word was important. Is sufficient versus it can be sufficient. In your estimation, jurors, it is your task to resolve this. And I'm not saying this is beautifully written, but you do have to acknowledge the sentence before it has some weight on the sentence that you're contesting says the government is under no burden to produce the actual weapon or weapons used. And it follows witness identification of the weapon as a firearm is sufficient. In other words, it's okay not to have a firearm because witness identification is sufficient. They could take it at that. It doesn't say if a witness says so, then you have to believe it. Yeah. And that's why I highlighted both and like blocked it out in the original brief. I do acknowledge that this followed that. But the argument is in the concern is that a juror didn't necessarily have to tie the two together. Okay, no, they don't have to bring a firearm. True. Witness identification of the firearm as the weapon as a firearm is sufficient. To me, that could they could just check that box. We had testimony. End of story. So I would be more sympathetic and receptive to your argument if this were an issue that was developed in the trial court by a cross examination or other evidence which discredited the witnesses identification. Did anything like that happen in the actual trial? No, the defense attorney, the trial attorney did ask, well, could it have been a fake? Something like that. And, you know, every everybody said, no, I think it was real. I thought it was real. And so it wasn't that it wasn't. In closing argument, they didn't mention it. It was all and was this the guy who did the robbery? That was the defense, but it wasn't conceded that it was a firearm that was still for the jury to decide. But it wasn't disputed. No, it was not actively disputed. I'm sorry. The jury saw the video too, right? I'm sorry. It's hard when we're on different things. They did see the video, but I think the government would would also acknowledge that was very grainy. You couldn't really see anything in that video. But it is clear through the testimony that the robber wielded something that looked like a gun. So I think it matters here, especially that an instruction like this not continue to be used. It is different. We have quite a few armed bank robbery cases in the Western District of Oklahoma. And this instruction is out of the norm, at least to what I have seen. And I think that's for good reason. It's not needed in there. And I think when you put that in, that rises to this problem. Well, did the jury think that just because a witness testified to it, that that's enough? And so that's, you know, the point here. And I think that it amounts in this case to plain error. And I will cede the rest of my time or not cede it, reserve it. Good morning, Your Honor, and may it please the court. Laney Ellis on behalf of the United States. Plain error exists for a reason. The Supreme Court has called it a demanding standard. The burden is entirely on defense counsel because they did not object. This court in Frost explained that plain error is only found to be at that level when an error is particularly egregious and the failure to remand would result in a miscarriage of justice. And we just don't have that here. Do we have an erroneous instruction? Excuse me? Prong one. Yes. This instruction did not mislead the jury. But is it incorrect? It is not incorrect. This instruction is in direct quote from Sandoval. But my question on that is I understand that language is in that case, but that's us talking about a record coming to us. It doesn't say go ahead and instruct the jury this way. It says once you have a conviction and there's not a problem, then that's how we look at it. We say witness identification is enough. But that doesn't mean you instruct that way. You instruct down. If in the district court the instruction it said can be enough, then we would still use that same line as our court. We would say it is sufficient. But that doesn't license the district court to instruct a jury that it is sufficient. I would disagree, Your Honor. While I can see that can be a better language than is sufficient, it does not make it erroneous. Well, do you see my point that the Sandoval language isn't talking about the district court instruction? It's talking about our review. Correct, Your Honor. It is still an opinion of the court that it is sufficient. But if we lose on the first prong, we still succeed on all three other prongs. Defense counsel first mentioned that it was obvious under well-settled law. That was an issue before this court. And defense counsel has been able to provide no case law or statute that shows that it is obvious under well-settled law. Rather, the favor is in the government's favor. This phrasing is in line with the Tenth Circuit President of Sandoval, Gregg, Hamilton, and Ruiz, mentioning that a firearm does not need to be present at trial. We all know that. And witness testimony is sufficient. Is or can be. Isn't can be better? Can be is better, but is sufficient is not erroneous. It can be better because it's accurate. I believe they're both accurate, Your Honor. And as we look at the third prong of the reasonable problem. Well, let me focus you here for a minute. Is witness testimony always sufficient? I mean, isn't that the implication of is sufficient, that it's always sufficient? Your Honor, we must look at the context of the phrasing is sufficient. It cannot be viewed in artificial isolation. When it's speaking of is sufficient, we must consider the phrasing directly above it, that the government is under no burden to produce the actual weapon or weapon used. The term is sufficient is going to a type of evidence, witness testimony. It's putting an accurate, correct burden on the government that a physical firearm does not need to be present. But rather, witness testimony, a type of evidence, is sufficient. And the witness credibility instruction is also crucial here. The witness credibility instruction goes to say that jurors must review all evidence, but they do not have to determine or they don't have to say it is factual. They don't have to say it's true. It's up to the fact finder to determine if the instruction or if the firearm was, in fact, real. Would you use the same instruction again? I would not use the same instruction again. But it does not make it, it does not rise to the level of plain error. As to the reasonable probability of prong three, we clearly have ample evidence in this case. Not only do we have two witnesses, one who was very confident they saw a firearm, we also have witnesses that both explained that it was a Glock, not just a pistol, more specifically a Glock. We have video. I would disagree with defense counsel that it is grainy. I believe that you can clearly see a firearm in that video. And not only did we have the video and witness testimony, but we had still shots from that video as photos to present to the jury. And then as to prong four, there is overwhelming and essentially uncontroverted evidence in this case. Defense counsel on cross-examination did not raise the issue of the firearm being real, but rather only identity. And when the witnesses explained that they did, in fact, see a firearm, they were not cross-examined further on that. And as to closing argument, defense counsel only argued at the issue of identity, not the issue of the firearm being real. And with that, there are no further questions. I ask that you affirm the judgment and sentence. Thank you. Thank you. So I'm very glad to hear that the government would not want to use this instruction again. Because I do, I would like a ruling that it is at least error. I don't think it's appropriate to use this instruction. Both sides used it. Well, that's correct. The defense did not see it. It was not objected to. And indeed, they submitted an instruction that wasn't on point. So it was, you know, mistakes were made. As to, you know, the plain error issue here, and it's a broad-based principle here upon which I am relying on well-settled principles. The DeSoto case has been part of the briefing. And in that one, the jury was misled by an instruction in a 922-G1 case that correctly stated in the jury instructions that defendant's motive for the acquisition of a firearm or ammo is not material to the issue before you. That's a true statement. But the court nevertheless found the Tenth Circuit that it was likely that a jury was misled to think that he acquired a firearm, thereby satisfying the central element there, whether he had the firearm. And in that case, the government was like, well, you know, big deal, because his theory of the defense was not even that it was justified or excused. So, you know, what difference does this instruction make? But nevertheless, they said, well, in that you said that motive for acquisition is not material. Therefore, a jury could assume from that that he did, in fact, acquire the firearm, even though possession was the main thing being contested in that case. And so I'm drawing from that a bigger principle that juries are not to be misled on elements of defense here, whether or not this was a firearm, even though I must acknowledge that was not an issue in the closing arguments. It was an issue that the defense attorney clearly tried to develop it, but it didn't go anywhere. They just, you know, the witnesses said it looked like a firearm to me. And were challenged or not? There was no cross-examination to speak of on that point? I think it was mainly coming from the government knowing that maybe there was going to be an allegation that it was fake. So they brought it up themselves. And did it look like a fake for you? Could it have been? And with the defense really putting up no opposition on that point, doesn't that bear very heavily on prong three? I think that it actually makes this instruction even more important. The jury had to decide whether or not this was a firearm. It was in its promise. And it was not led to a conclusion on the firearm one way or another. No argument was made on the firearm. And so it really needed to decide. I mean, that's not an element that was agreed to. That was not an element that the jury still didn't have to decide. And so all that was left with are the instructions. And it looks to that, and when it says witness testimony, that the object is a firearm, is sufficient. I think that made it too easy for them to check a box that they needed to think harder on as to whether or not this was truly enough. They could have. They could have if this instruction did not state it as such. Very well. Thank you, counsel, both of you, for your arguments. The case is submitted, and counsel are excused.